IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AIMEE MURPHY, INDIVIDUALLY, AND AS LEGAL HEIR OF THE ESTATE OF JONATHAN MURPHY,  DECEASED,<br><br>PLAINTIFF,<br><br>vs.<br><br>STERLING JEWELERS INC. DBA KAY JEWELERS, ROLLING OAKS MALL, LLC, WASHINGTON PRIME GROUP, LP, U.S. SECURITY ASSOCIATES, INC., CONNIE CRUZ, LEO KAPICI, DUSTIN CHRISTENSEN,<br><br>DEFENDANTS. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br><br>5:17-cv-662 |

## NOTICE OF REMOVAL

Sterling Jewelers Inc. dba Kay Jewelers ("Kay"), Connie Cruz, and Leo Kapici, Defendants in the above-styled action, file this Notice of Removal of this action from the District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division.  In support of this Notice of Removal, Defendants state that pursuant to 28 U.S.C. §1441 *et. seq.*, diversity of citizenship exists between Plaintiff and all Defendants, except for those individual employee defendants who were improperly or fraudulently joined whose citizenships should be disregarded, and respectfully shows the Court as follows:

## INTRODUCTION

1.      On or about May 25, 2017, Plaintiff Aimee Murphy, individually, and as Legal Heir of the Estate of Jonathan Murphy ("Murphy" or "Plaintiff"), filed a civil action in the 288th

Judicial District Court of Bexar County, Texas, bearing Cause Number 2017CI09605, against Defendants Kay, Rolling Oaks Mall, LLC, Washington Primer Group, LP, U.S. Security Associates, Inc., Connie Cruz, Leo Kapici, and Dustin Christensen, for claims arising out of an armed robbery occurring at the Kay location in Rolling Oaks Mall in San Antonio, Texas. *See* Plaintiff's Original Petition, attached hereto as Exhibit C-1.

2.      On June 23, 2017, Plaintiff served Kay through service on its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas. Defendants Cruz and Kapici were personally served the same day.

3.      Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely filed within thirty days of Defendant's receipt of a copy of the initial pleading setting forth the claim for relief upon which this action is based.

## BASIS FOR REMOVAL

4.      Removal is proper because, except for those individual employee defendants who were improperly or fraudulently joined, there is complete diversity of citizenship between the parties, no defendant is a citizen of the state in which the action was brought, and the amount in controversy far exceeds the sum of $75,000, exclusive of interest and cost. 28 U.S.C. §1332(a); 28 U.S.C. §1441(b)(2).

5.      Upon information and belief, Plaintiff Aimee Murphy is a citizen of Texas, as was the decedent, Jonathan Murphy.

6.      Defendant Sterling Jewelers Inc. dba Kay Jewelers is a Delaware corporation with its principal place of business in Ohio.

7.      Defendant Rolling Oaks Mall, LLC is a Delaware LLC with its principal place of business in Ohio. The sole member/manager is Washington Prime Group, L.P., an Indiana LP.

8.      Washington Prime Group, L.P. is an Indiana LP with its principal place of business in Ohio.[1] The sole general partner of Washington Prime Group, L.P. is Washington Prime Group Inc., which is an Indiana corporation with an Ohio principal place of business.

9.      Defendant U.S. Security Associates, Inc. is a Delaware corporation with its principal place of business in Georgia.

10.      The citizenships of Defendants Cruz, Kapici, and Christensen are irrelevant. Because Plaintiff has stated no claim against them upon which relief can be granted, they are improperly joined and their citizenship must be disregarded for purposes of determining jurisdiction.[2]

11.      An employer has a duty to use ordinary care in providing safe premises and "[w]hen the employer is a corporation, the law charges the corporation itself, not the individual corporate [agent], with [this duty]."[3] Further, while corporate agents can be liable for their own negligence, "individual liability arises only when the . . . agent owes an independent duty of reasonable care to the injured party apart from the employer's duty."[4] The rule that an employee's liability requires an independent duty apart from that of the employer extends to invitor-invitee premises liability cases.[5]

12.      Defendants Cruz, Kapici, and Christensen are employees and store managers (or assistant manager in the case of Cruz) of their respective employers; none are premises owners.

[1] Washington Prime Group, L.P. has been improperly named as a defendant in this case.  The proper party is Washington Prime Group Inc. (see Defendants' Original Answer to Plaintiff's Petition).
[2] *See Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 378-80 (5th. Cir. 2006) (affirming district court's denial of motion to remand and dismissal of claim against non-diverse defendant where there was no reasonable basis to predict that plaintiff might recover against that party); *Mascorro v. Wal-Mart Stores Inc.*, No. EP-15-CV-00112-FM, 2015 U.S. Dist. LEXIS 68815, at *5 (W.D. Tex. 2015) ("Improperly joined defendants do not bar removal of an action to federal court."); *Moreno Energy v. Marathon Oil*, 884 F. Supp. 2d 577, 580 (S.D. Tex. 2012) ("Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction").
[3] *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).
[4] *Id.*
[5] *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 837-38 (E.D. Tex. 2008) ("While *Leitch* held that officers of a corporation may be held individually liable only when they owe an independent duty of reasonable care apart from their employer's duty, *Tri* [*v. J.T.T. & M.T.*, 162 S.W.3d 552, 562 (Tex. 2005)] extends this rule to an invitor-invitee situation. . . .  Thus, under the current state of the law in Texas, an employee may not be held individually liable [to an invitee] unless she breaches an independent duty of care she owed to the injured party separate from her employer's duty.").

*See* Affidavits of Cruz, Kapici, and Christensen, attached as Exhibits F, G, and H.   In the Petition, Plaintiff speaks collectively of the "Jeweler Defendants" and "Mall Defendants," but Plaintiff does not allege any specific facts regarding any acts or omissions by the individual employees, nor does Plaintiff allege that any of the individual employees owed Murphy an independent duty, much less identify what that duty was or how it differed from their employers' duty.[6]   Instead, Plaintiff merely alleges that the employees are liable for the exact reasons their employers are allegedly liable.   *See* Original Petition, ¶¶ 6.1-7.4.   This is insufficient to state a viable claim against these employees.[7]

13.     Plaintiff also fails to allege any personal involvement by the employees in creating the conditions that allegedly led to the robbery at issue.[8]   Nor could they, as these employees do not set corporate security policies, and they were not personally involved in making any decisions on security related issues leading up to the day in question, including with regard to staffing of security guards and whether any security guards or other employees would be allowed to carry firearms within the Kay Jewelers location or the Mall. *See* Cruz Affidavit, Ex. F, at ¶¶ 4-5; Kapici Affidavit, Ex. G., at ¶¶ 4-5; Christensen Affidavit, Ex. H., at ¶¶ 4-5.

---

[6] *See Borg v. Old Navy, LLC*, Civil Action No. SA-13-CV-680-XR, 2013 U.S. Dist. LEXIS 124363, at *7 (W.D. Tex. 2013) ("[I]t is insufficient for Plaintiff to summarily allege that [the employee] owes an independent duty – she must establish what that duty is and how it is independent from the duty owed by [the corporate employer]."); *see also Torres v. Hobby Lobby Stores, Inc.*, No. EP-13-CV-187-KC, 2013 U.S. Dist. LEXIS 166234, at *12 (W.D. Tex. 2013) (quoting *Borg* for the same proposition); *Gonzalez v. Wal-Mart Stores*, No. SA-10-CV-120-XR, 2010 U.S. Dist. LEXIS 31799, 2010 WL 1417748, at *2 (W.D. Tex. Mar. 31, 2010) ("[A]s a[n] . . . employee, [the store manager] did not owe a customer . . . a duty of reasonable care independent from the duty [the store] owed . . . because the actions [the manager] allegedly took were in the course and scope of his employment.").

[7] *See Ruelas v. Wal-Mart*, No. 4:12-CV-729, 2013 U.S. Dist. LEXIS 33241, 2013 WL 949344, at *5 (E.D. Tex. Jan. 30, 2013) (holding that conclusory allegations against department manager that were essentially identical to allegations against store did not suggest that department manager owed plaintiff an independent duty); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d at 838 ("[N]oticeably absent from Bourne's Original Petition is any allegation of fact that would support the assertion that [employee defendant] owed an independent duty of care to her apart from Wal-Mart's duty."); *McKinney v. Home Depot, USA, Inc.*, No. 4:06-CV-0327-A, 2006 U.S. Dist. LEXIS 77788, at *7-8 (N.D. Tex. 2006) (concluding that a store manager was improperly joined because the plaintiff failed to allege any facts that would support a conclusion that the employee owed an independent duty to the plaintiff).

[8] *See Lyle v. 24 Hour Fitness, USA, Inc.*, A-14-CA-300 LY, 2014 U.S. Dist. LEXIS 144279, at *8-11 (W.D. Tex. October 10, 2014) (concluding that joinder was improper where the evidence and pleadings fail to show any personal involvement by the employee in creating the conditions which led to the plaintiff's injury).

14.     Further, Defendants Cruz and Christensen were not even present at the mall during the incident in question.  *See* Cruz Affidavit, Ex. F, at ¶ 5; Christensen Affidavit, Ex. H., at ¶ 6.[9]

15.     Accordingly, because Plaintiff cannot recover against Defendants Cruz, Kapici, and Christensen, they are improperly joined, they do not defeat diversity, and they should all be dismissed from this action.[10]

16.     With the exception of Defendants Cruz, Kapici, and Christensen, whose citizenship should be disregarded, diversity jurisdiction existed at the time of filing of Plaintiff's Original Petition and at the time of filing of this Notice of Removal.

17.     The amount in controversy is in excess of $75,000.00.  Specifically, Murphy alleges it seeks damages in an amount "in excess of One Million Dollars."  *See* Ex. C-1, Petition at ¶ 8.1.  Accordingly, the monetary relief sought by Murphy in this action exceeds the minimum jurisdictional limit necessary to confer original jurisdiction over the action under 28 U.S.C. §1332.

18.     Kay is filing written notice of this removal with the clerk of the state court in which the action is currently pending.  *See* 28 USC §1446(d).  Copies of the Notice of Filing Notice of Removal are being served upon all parties to this action.

19.     The United States District Court for the Western District of Texas, San Antonio Division, embraces the county in which the state court action is now pending.  Thus, this Court is a proper venue for this action pursuant to 28 U.S.C. §§124(d)(4) and 1441(a).

---

[9] *Borg*, 2013 U.S. Dist. LEXIS 124363, at *7 ("Further, the fact that [the employee] was not at the store on the day in question, while not dispositive, further establishes that Plaintiff cannot establish that [the employee] somehow personally participated in the events in question such that an independent duty could arise.").
[10] *See Larroquette*, 466 F.3d at 374-375 (affirming district court decision deciding that the joinder was improper, denying plaintiff's remand motion, and dismissing action against non-diverse defendant); *Mascorro*, 2015 U.S. Dist. LEXIS 68815, at *11 (dismissing claims against employee with prejudice when issue of improper joinder was raised in notice of removal).

20.     All named and served Defendants consent to the removal of the Lawsuit.

21.     Kay is filing this Notice of Removal, accompanied by indexed copies of the following:

(1)     An index of matters being filed (Exhibit A);

(2)     All executed processes in this case (Exhibit B);

(3)     Pleadings asserting causes of action, e.g., petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (Exhibit C);

(4)     The docket sheet (Exhibit D);

(5)     A list of all counsel of record, including addresses, telephone numbers, and parties represented (Exhibit E).

(6)     Affidavit of Connie Cruz (Exhibit F)

(7)     Affidavit of Leo Kapici (Exhibit G)

(8)     Affidavit of Dustin Christensen (Exhibit H)

22.     Plaintiff has requested a jury in the state court action.

## **PRAYER**

PREMISES CONSIDERED, Defendant respectfully removes this matter from the 288th Judicial District Court of Bexar County, Texas to the United State District Court for the Western District of Texas—San Antonio Division for trial and determination of all issues.

Respectfully submitted,

**STRASBURGER & PRICE, LLP**


By:   */s/ Cynthia Day Grimes*
        Cynthia Day Grimes
        State Bar No. 11436600

2301 Broadway St.
San Antonio, Texas  78215-1157
(210) 250-6000
(210) 250-6100 (Facsimile)
Email: cynthia.grimes@strasburger.com

Derek Quick
State Bar No. 24072471
720 Brazos Street, Suite 700
Austin, Texas 78701-2974
(512) 499-3600
(512) 499-3660 Fax
Email: derek.quick@strasburger.com

**ATTORNEYS FOR DEFENDANT
STERLING JEWELERS INC. DBA
KAY JEWELERS, CONNIE CRUZ,
AND LEO KAPICI**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 20th day of July, 2017, I served the foregoing on the following counsel of record via electronic service and first class mail:

Roy R. Barrera, Jr.
424 East Nueva Street
San Antonio, Texas 78205
rbarrerajr@ymail.com

Mark A. Carrigan
Jon R. Alworth
945 Heights Blvd.
Houston, Texas 77008
mcarrigan@cmrllp.com
jalworth@cmrllp.com

Humberto S. Enriquez
1212 Montana Ave
El Paso, Texas 79902
Phone: 915-351-4331
Facsimile: 915-351-4339
enriguezlawfirm@hotmail.com

*Counsel for Plaintiff*

Steven O. Grubbs
Alma J. Aguirre
Sheehy, Ware & Pappas, P.C.
909 Fannin Street, Suite 2500
Houston, TX 77010
sgrubbs@sheehyware.com
aaguirre@sheehyware.com

*Counsel for Defendants Rolling Oaks Mall, LLC, Washington Prime Group Inc. and Dustin Christensen*

Allan Diamond
Frances Ellenbogen
909 Fannin Street, 37th Floor
Two Houston Center
Houston, Texas 77010
adiamond@diamondmccarthy.com
fellenbogen@DiamondMcCarthy.com

*Counsel for Defendant U.S. Securities Associates, Inc.*

*/s/ Derek Quick*
Derek Quick