EXHIBIT
C

# EXHIBIT
# C-1

FILED
5/25/2017 10:08:51 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

CAUSE NO. **2017CI09605**

| | | |
|---|---|---|
| AIMEE MURPHY, INDIVIDUALLY, | § | IN THE DISTRICT COURT OF |
| AND AS LEGAL HEIR OF THE | § | |
| ESTATE OF JONATHAN MURPHY, | § | |
| DECEASED, | § | |
| *Plaintiff* | § | |
| | § | |
| | § | BEXAR COUNTY, TEXAS |
| | § | |
| *v.* | § | |
| | § | |
| | § | |
| STERLING JEWELERS, INC. dba | § | |
| KAY JEWELERS, ROLLING OAKS | § | |
| MALL, LLC, WASHINGTON PRIME | § | |
| GROUP, LP, U.S. SECURITY | § | 288 |
| ASSOCIATES, INC., CONNIE CRUZ, | § | _____ JUDICIAL DISTRICT |
| LEO KAPICI, DUSTIN | § | |
| CHRISTENSEN | § | |
| *Defendants* | | |

---

**PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

AIMEE MURPHY, INDIVIDUALLY and as LEGAL HEIR of the ESTATE OF JONATHAN MURPHY, DECEASED files her Plaintiff's Original Petition complaining of STERLING JEWELERS, INC. dba KAY JEWELERS, ROLLING OAKS MALL, LLC, WASHINTON PRIME GROUP, LP, U.S SECURITY ASSOCIATES, INC., CONNIE CRUZ, LEO KAPICI, and DUSTIN CHRISTENSEN and would show the court as follows:

## I.
## DISCOVERY PLAN

1.1    Plaintiff intends to conduct discovery in this cause under Discovery Control Plan Level

Three and requests a Docket Control Conference so that discovery may be tailored to the particular circumstances of this suit.

## II.
## JURISDICTION AND VENUE

2.1    This case arises from a wrongful death that occurred in Bexar County, Texas.

2.2    This Court has jurisdiction over the subject matter and the parties.

2.3    Venue is proper in Bexar County as the incident which forms the basis of this claim occurred in Bexar County, Texas.

## III.
## PARTIES AND SERVICE

3.1    Plaintiff, Aimee Murphy is an individual who resides in Bexar County, Texas. Aimee, Murphy is the surviving spouse of Jonathan Murphy, deceased.

3.2    Defendant, Sterling Jewelers, Inc. dba Kay Jewelers is a foreign corporation, that may be served by serving its registered agent of process, CT Corporation, 1999 Bryan St. Dallas, TX 75201.

3.3    Defendant, Rolling Oaks Mall, LLC, is a foreign corporation, that may be served by serving its registered agent of process, CT Corporation, 1999 Bryan St. Dallas, TX 75201.

3.4    Defendant, Washington Prime Group, LP is a foreign corporation that is the corporate manager of Rolling Oaks Mall, LLC, and may be served by serving its registered agent of process, CT Corporation, 1999 Bryan St. Dallas, TX 75201.

3.5    Defendant, U.S. Security Associates, Inc. is a foreign corporation who was hired to provide security services for Rolling Oaks Mall, and may be served by serving its registered agent for process, CT Corporation, 1999 Bryan St. Dallas, TX 75201.

3.6     Defendant, Connie Cruz, is a resident of Bexar County and is a manager at the Kay Jewelers store at Rolling Oaks Mall who may be served at her place of business, Kay Jewelers, 6909 North Loop 1604 East, #2064, San Antonio, TX 78247.

3.7     Defendant, Leo Kapici, is a resident of Bexar County and is a manager at the Kay Jewelers store at Rolling Oaks Mall who may be served at his place of business, Kay Jewelers, 6909 North Loop 1604 East, #2064, San Antonio, TX 78247.

3.8     Defendant, Dustin Christensen, is a resident of Bexar County and is a manager of Rolling Oaks Mall who may be served at his place of business, 6909 North Loop 1604 East, San Antonio, TX 78247 or at 1130 Harvest Cyn, San Antonio, TX 78258.

3.9     Sterling Jewelers, Inc. dba Kay Jewelers, Connie Cruz and Leo Kapici shall collectively be referred to as the "Jeweler Defendants".

3.10    Rolling Oaks Mall, LLC, Washington Prime Group, LP, U.S. Security Associates, Inc., and Dustin Christensen shall collectively be referred to as the "Mall Defendants"

## IV.
## REQUEST FOR DISCLOSURE

4.1     Plaintiff requests Disclosure, pursuant to TRCP 194 (a) – (k) from all Defendants.

## V.
## PRECIPITATING FACTS

5.1     On January 22, 2017, Jonathan Murphy was shot and killed at Rolling Oaks Mall, just outside the Kay Jewelers store. Jonathan and Aimee Murphy had gone to the Kay Jewelers store to have her wedding ring cleaned and to look at watches. While Johnathon and Aimee Murphy were looking at watches, Jose Luis Rojas and Jason Prieto entered into the Kay Jewelers store, armed with firearms, and attempted to rob the store. During the armed robbery attempt, Rojas shot and killed Jonathan Murphy.

## VI.
## NEGLIGENCE AND BREACH OF DUTY BY THE JEWELER DEFENDANTS

6.1     The wrongful death of Jonathan Murphy was proximately caused by the negligent, careless, and reckless failure of the Jeweler Defendants to provide security for the foreseeable criminal acts of third parties, in this case, Prieto and Rojas.

6.2     Those duties were owed to Jonathan Murphy and to others similarly situated.

6.3     The Jeweler Defendants' negligent conduct, whether by act or omission, included, but was not limited, as follows:

    A.  Failing to provide any security at the jewelry store, despite the presence of an inventory of thousands of dollars in expensive jewelry, time pieces and other expensive items;

    B.  Failing to have any security personnel present at the store;

    C.  Failing to have armed security at the store;

    D.  Failing to have security measures in place that would deter robberies;

    E.  Failing to protect invitees from dangers that were foreseeable;

    F.  Creating a dangerous condition on the premises; and,

    G.  Allowing a dangerous condition to exist without taking adequate precautions to eliminate or minimize the risk.

6.4     Each of the aforementioned negligent acts or omissions of the Jeweler Defendants violated the duty or duties they owed to Jonathan and Aimee Murphy and constitute negligence and a proximate cause of the wrongful death of Jonathan Murphy.

## VII.
## NEGLIGENCE AND BREACH OF DUTY BY THE MALL DEFENDANTS

7.1     The wrongful death of Jonathan Murphy was proximately caused by the negligent, careless, and reckless failure of the Mall Defendants to provide adequate security for the foreseeable criminal acts of third parties, in this case, Prieto and Rojas.

7.2     Those duties were owed to Jonathan Murphy and to others similarly situated.

7.3     The Mall Defendants negligent conduct, whether by act or omission, included, but was not limited, as follows:

> A. Failing to provide adequate security in the mall;
>
> B. Failing to have adequate security personnel present in the mall;
>
> C. Failing to have armed security in the mall;
>
> D. Failing to have security measures in place that would deter robberies in the mall;
>
> E. Failing to protect invitees from dangers that were foreseeable;
>
> F. Creating a dangerous condition on the premises; and,
>
> G. Allowing a dangerous condition to exist without taking adequate precautions to eliminate or minimize the risk.

7.4     Each of the aforementioned negligent acts or omissions of the Mall Defendants violated the duty or duties they owed to Jonathan and Aimee Murphy, constitute negligence and a proximate cause of the wrongful death of Jonathan Murphy.

## VIII.
## DAMAGES FOR PLAINTIFF

8.1     Nearly all of the elements of damages for personal injury and wrongful death are unliquidated and, therefore, not subject to precise computation. Plaintiff seeks to recover damages in amounts that

the jury finds the evidence supports and that the jury finds to be appropriate under all the circumstances, which amount is in excess of One Million Dollars.

## A.    Estate of Jonathan Murphy Damages

8.2     As a result of the injuries to and death of Jonathan Murphy, his estate sustained survival damages including conscious physical pain and mental anguish suffered by him prior to his death as well as reasonable medical and funeral expenses, for which recovery is sought herein in an amount far in excess of the minimal jurisdictional limits of this Court.

## B.    Plaintiff's Damages for the Wrongful Death of Jonathan Murphy

8.3     As a result of Jonathan Murphy's death, Aimee Murphy has suffered damages in the past and in the future, including mental anguish, loss of companionship and society, loss of financial support and pecuniary loss.

## C.    Bystander Claim for Aimee Murphy

8.4     Plaintiff, Aimee Murphy in her individual capacity, would show that she is entitled to recover damages as a bystander under Texas law. Aimee Murphy suffered extreme mental anguish as a result of witnessing the events that caused the death of her husband. Defendants' negligence and gross negligence were the proximate cause of Plaintiff's injuries arising from the death of Jonathan Murphy.

## D.    Exemplary Damages

8.5     As a result of Defendants' malice, Plaintiff seeks exemplary damages against these Defendants in an amount deemed appropriate by the jury.

## IX.
## JURY DEMAND

9.1     Plaintiff hereby requests a trial by jury.

## X.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Aimee Murphy, Individually and as Legal Heir of the Estate of Jonathan Murphy, respectfully prays that Defendants be cited to appear and answer herein, and that upon final hearing of the cause, judgment be entered for Plaintiff against Defendants for damages in an amount within the  jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

ROY R. BARRERA, JR., P.C.

By:  /s/Roy R. Barrera, Jr.
      Roy R. Barrera, Jr.
      SBOT: 01808100
      424 East Nueva Street
      San Antonio, Texas 78205
      Phone: 210-224-5811
      Fax: 210-224-5890
      Email: rbarrerajr@ymail.com

CARRIGAN, McCLOSKEY & ROBERSON, LLP

By:  /s/ Mark A. Carrigan
      Mark A. Carrigan
      SBOT: 03875200
      Jon R. Alworth
      SBOT: 01133070
      945 Heights Blvd.
      Houston, Texas 77008
      Phone: 713-868-5581
      Fax: 713-868-1275
      Email: mcarrigan@cmrllp.com
      Email: jalworth@cmrllp.com

ENRIQUEZ LAW FIRM

By: ___/s/ Humberto Enriquez_____

      Humberto S. Enriquez

      SBOT: 00784019

      1212 Montana Ave

      El Paso, Texas 79902

      Phone: 915-351-4331

      Facsimile: 915-351-4339

      Email: enriquezlawfirm@hotmail.com

**ATTORNEYS FOR PLAINTIFF**

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY):* _____   **COURT** *(FOR CLERK USE ONLY):* _____

Aimee Murphy, Individually, and as legal Heir of the Estate of Jonathan Murphy, Deceased vs. Sterling Jewlers, Inc.

**STYLED** *Kay Jewelers, Rolling Oaks Mall LLC, Washington Prime Group, LP, U.S. Security Associate, Inc., Connie Cruz, Leo Kapiri, Dustin Christensen*

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing case information sheet is: |
|---|---|---|
| **Name:** Mark A Carrigan    **Email:** mcarrigan@cmr llp.com | **Plaintiff(s)/Petitioner(s):** Aimee Murphy, Individually and as legal Heir of the Estate of Jonathan Murphy, Deceased | ☑Attorney for Plaintiff/Petitioner ☐*Pro Se* Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| **Address:** 945 Height Blvd    **Telephone:** 713·868·5581 | | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Houston, TX 77008    **Fax:** 713·868·1275 | **Defendant(s)/Respondent(s):** Sterling Jewelers, Inc dba Kay Jewelers, Rolling Oaks Mall, LLC, Washington Prime Group, LP, U.S. Security Associate, Inc., Connie Cruz, Leo Kapari, Dustin Christensen | **Custodial Parent:** _____     **Non-Custodial Parent:** _____ |
| **Signature:** [signature]    **State Bar No:** 03875200 | *[Attach additional page as necessary to list all parties]* | **Presumed Father:** _____ |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☐Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: ☑Other Injury or Damage: Wrongful death | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: | **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: | **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order    **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination ☐Retaliation ☐Termination ☑Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: | | |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☐Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case)*:

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, but not more than $200,000
☐Over $200,000 but not more than $1,000,000
☑Over $1,000,000

EXHIBIT
C-2

FILED
7/13/2017 12:00 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Isaias Ibarra

Case 5:17-cv-00662-DAE   Document 1-3   Filed 07/20/17   Page 13 of 31

**CAUSE NO: 2017CI09605**

| | |
|---|---|
| AIMEE MURPHY, INDIVIDUALLY, AND AS LEGAL HEIR OF THE ESTATE OF JONATHAN MURPHY, DECEASED, | § IN THE DISTRICT COURT OF<br>§<br>§<br>§ |
| PLAINTIFF, | § |
| vs. | § |
| STERLING JEWELERS INC. DBA KAY JEWELERS, ROLLING OAKS MALL, LLC, WASHINGTON PRIME GROUP, LP, U.S. SECURITY ASSOCIATES, INC., CONNIE CRUZ, LEO KAPICI, DUSTIN CHRISTENSEN, | § BEXAR COUNTY, TEXAS<br>§<br>§<br>§<br>§<br>§ |
| DEFENDANTS. | § 288TH JUDICIAL DISTRICT |

**ORIGINAL ANSWER OF DEFENDANT STERLING JEWELERS INC. DBA KAY JEWELERS, CONNIE CRUZ, AND LEO KAPICI**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Sterling Jewelers Inc. dba Kay Jewelers, Connie Cruz, and Leo Kapici (collectively, "Defendants"), Defendants in the above-styled and numbered cause, and files this their Original Answer, and respectfully show the Court as follows:

I.

_Failure to state a claim upon which relief can be granted._

Defendants assert that Plaintiff has failed to state claims upon which relief can be granted against these Defendants. Defendants put Plaintiff on notice of their intention, and reserve the right, to seek dismissal of such claim(s) based on the failure to state a claim.

Subject to the foregoing, Defendants answer as follows:

1

II.

## General Denial

Defendants generally deny the allegations contained in Plaintiff's Original Petition, asserts a general denial, as is authorized by Rule 92 of the Texas Rules of Civil Procedure, demands strict proof of the charges and allegations against them by a preponderance of the evidence and as is required by the constitution and laws of the State of Texas and asks for a trial of the issues before a jury.

III.

For further answer, Defendants affirmatively aver, in the alternative, that injuries suffered by Plaintiff were directly and proximately caused by the acts and omissions of individuals and others for whom Defendants are not responsible, and such acts were the sole proximate cause, producing cause and new and independent intervening cause of the alleged injuries.

IV.

For further answer, Defendants affirmatively aver, in the alternative, that Defendants owned no duty to Plaintiff, both because the criminal conduct of third persons was not foreseeable, and with respect to the individual Defendants, they owned no independent duty apart from any duty allegedly owed by their employer.

V.

Defendants further assert the defenses of comparative responsibility and contributory negligence and ask the finder of fact to compare the extent to which each party, including settling person and responsible third parties, caused the incident in question and the alleged damages Plaintiff seeks to recover.  Defendants make known to the Court and to any other parties in this case of its intent to assert their rights under Chapter 33 of the Texas Civil Practice and Remedies Code.

2

VI.

For further answer, Defendants invoke the legal doctrine which permits a Defendant to elect a settlement credit with respect to monies paid to Plaintiff in settlement of liability for a cause of action. This pleading is directed to any settlement by Plaintiff with any party and/or others that are not parties to this action and will not be made so, and others that are not parties to this action but will, or may, be later added as parties.

PRAYER

**WHEREFORE, PREMISES CONSIDERED** Defendants Sterling Jewelers Inc. dba Kay Jewelers, Connie Cruz, and Leo Kapici pray for judgment, costs and general relief.

Respectfully submitted,

**STRASBURGER & PRICE, LLP**

By:  */s/ Cynthia Day Grimes*
      **CYNTHIA DAY GRIMES**
      State Bar No. 11436600
      2301 Broadway St.
      San Antonio, Texas  78215-1157
      (210) 250-6000
      (210) 250-6100 (Facsimile)
      Email: cynthia.grimes@strasburger.com

      Derek Quick
      State Bar No. 24072471
      720 Brazos Street, Suite 700
      Austin, Texas 78701-2974
      (512) 499-3600
      (512) 499-3660 Fax
      Email: derek.quick@strasburger.com

      **ATTORNEYS FOR DEFENDANT**
      **STERLING JEWELERS INC. DBA**
      **KAY JEWELERS, CONNIE CRUZ,**
      **AND LEO KAPICI**

3

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of July, 2017, I served the foregoing on all counsel of record via the Court's electronic filing system.

Roy R. Barrera, Jr.                rbarrerajr@ymail.com
424 East Nueva Street
San Antonio, Texas 78205

Mark A. Carrigan               mcarrigan@cmrllp.com
Jon R. Alworth                  jalworth@cmrllp.com
945 Heights Blvd.
Houston, Texas 77008

Humberto S. Enriquez           enriguezlawfirm@hotmail.com
1212 Montana Ave
El Paso, Texas 79902

*Counsel for Plaintiff*

Allan Diamond                 adiamond@diamondmccarthy.com
Frances Ellenbogen           fellenbogen@DiamondMcCarthy.com
909 Fannin Street, 37th Floor
Two Houston Center
Houston, Texas 77010

*Counsel for Defendant U.S. Security
Associates, Inc.*

*/s/ Cynthia Day Grimes*
Cynthia Day Grimes

4

EXHIBIT
C-3

FILED
7/14/2017 4:03 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Isaias Ibarra

CAUSE NO. 2017-CI-09605

| | | |
|---|---|---|
| AIMEE MURPHY, INDIVIDUALLY AND | § | IN THE DISTRICT COURT OF |
| AS LEGAL HEIR OF THE ESTATE OF | § | |
| JONATHAN MURPHY, DECEASED | § | |
| | § | |
| V. | § | BEXAR COUNTY, TEXAS |
| | § | |
| STERLING JEWELERS, INC. D/B/A | § | |
| KAY JEWELERS, ROLLING OAKS | § | |
| MALL, LLC, WASHINGTON PRIME | § | |
| GROUP, LP, U.S. SECURITY | § | |
| ASSOCIATES, INC., CONNIE CRUZ, | § | |
| LEO KAPICI, and | § | 288TH JUDICIAL DISTRICT |
| DUSTIN CHRISTENSEN | § | |

**DEFENDANTS ROLLING OAKS MALL, LLC, WASHINGTON PRIME
GROUP INC., AND DUSTIN CHRISTENSEN'S ORIGIAL ANSWER, JURY DEMAND
AND REQUEST FOR DISCLOSURES TO PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Rolling Oaks Mall, Washington Prime Group Inc. (improperly named as "Washington Prime Group, LP"), and Dustin Christensen ("Defendants"), and file their Original Answer to Plaintiff's Original Petition, and would respectfully show the Court as follows:

**I.
Denials**

A.    **General Denial**

By way of answer, Defendants deny each and every, all and singular, the allegations set forth in Plaintiff's Original Petition, and without waiving their rights to file other and further pleadings, motions and discovery, demand that Plaintiff be held to the most strict requirement of proof and that Defendants be released without costs and without delay and for such other and further relief, both at law and equity, to which Defendants may show themselves to be justly entitled.

**B.**    **No Duty**

Pleading additionally, and pleading in the alternative as authorized by the Texas Rules of

Civil Procedure, Defendants deny that they owed and/or breached any legal duty allegedly owed

to the Decedent or Plaintiff.

**C.**    **Plaintiff's Contentions**

Pleading additionally and in the alternative, Defendants assert that the incident made the

basis of this suit did not occur in the fashion or manner alleged by Plaintiff.

**II.**
**Affirmative Defenses**

**A.**    **Chapters 32 and 33 of the Texas Civil Practice and Remedies Code**

Defendants specifically plead, invoke, and reserve the following rights as guaranteed by

Chapters 32 and 33 of Texas Civil Practice and Remedies Code to the extent they are ultimately

applicable to this case:

1.  The right to a reduction of any dollar verdict which may be rendered in this case in accordance with §§33.012-.013 of the Texas Civil Practice and Remedies Code.

2.  The right to have the trier-of-fact compare the responsibility of each party, each settling person, and each responsible third party and assign percentages to such parties, persons, and responsible third parties in accordance with the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code.

3.  The right to contribution in accordance with the provisions of §§ 32.001 *et seq.* and §§ 33.015-.016 of the Texas Civil Practice and Remedies Code.

**B.**    **Contributory/Comparative Negligence**

Defendants would show that Decedent's own contributory and comparative negligence,

consisting of negligent acts, omissions, and conduct were a contributing or sole proximate cause

of the alleged incident and any alleged resulting injuries and damages made the subject of this suit.

In this regard, Defendants submit that Decedent's own proportionate responsibility and contributory negligence should be submitted to the jury for determination at the final trial of this case.

**C.     Medical Expenses Paid or Incurred/§41.0105 of the Texas Civil Practice and Remedies Code**

Defendants assert that pursuant to §41.0105 of the Texas Civil Practice and Remedies Code, any recovery of medical or health care expenses incurred by Plaintiff and/Decedent are limited to the amounts actually paid or incurred by or on behalf of Plaintiff and/or Decedent.

**D.     Proof of Certain Losses/§18.091 of the Texas Civil Practice and Remedies Code**

Defendants would assert that to the extent that Plaintiff seeks recovery for damages governed by §18.091 of the Texas Civil Practice and Remedies Code, that such damages be subject to the limitations contained therein and that the applicable instructions contained within subsection (b) of the statute be given to the jury as required by law.

**E.     Pre-Judgment Interest Limitation/§§304.001 *et seq.* of the Texas Finance Code**

In the unlikely event Defendants are found at fault, the amount of prejudgment interest on any damages award is limited by law and, in no event, can exceed the amount set forth by §§ 304.001 *et seq.* of the Texas Finance Code or other applicable statutes.

**F.     Estoppel**

Defendants assert general estoppel, judicial estoppel, equitable estoppel and quasi-estoppel in connection with the claims, facts, injuries and damages asserted by Plaintiff in this action.

## G.     Unconstitutionality of Exemplary Damages

Pleading further and in the alternative, Defendants contend that with respect to all claims

seeking punitive or exemplary damages, Defendants would show that such damages are

inappropriate and impermissible under the law due to the following:

1.     Punitive or exemplary damages are criminal, or quasi-criminal in nature, and Plaintiff should be required to prove the basis of such damages beyond a reasonable doubt and the failure to require the same is a denial of due process under law and a denial of equal protection of the law as prescribed under the United States Constitution and the Constitution of the State of Texas.

2.     An award of punitive or exemplary damages would constitute a taking of property without due process of law as guaranteed by the United States Constitution and the Constitution of the State of Texas.

3.     It is a denial of due process of law and of equal protection of the law under the United States Constitution and the Constitution of the State of Texas to permit a corporation to be vicariously liable for punitive or exemplary damages which were awarded on the basis of alleged acts or omissions of employees, agents, representatives, of the corporation under the doctrine of respondeat superior or any other vicarious liability doctrine.

4.     Punitive and/or exemplary damages constitute an unjust enrichment by reason of the unconstitutional taking of property without due process of law as provided under the United States Constitution and the Constitution of the State of Texas.

5.     Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous on its face as well as in its application that it denies Defendants due process of law and equal protection of the law as provided under the United States Constitution and the Constitution of the State of Texas.

6.     Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that it prevents courts and juries from consistently applying the law, and therefore, further prevents effective judicial review of any such punitive damages awards.

7.     Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that the basis of such damages cannot be clearly and readily ascertained in advance so as guide the behavior of individuals in the their actions, thus constituting an EX-POST FACTO

law specifically prohibited by the United States Constitution and the Constitution in the State of Texas.

8.  An award of punitive and exemplary damages violates the excessive fines clause of the Eighth Amendment as applied to the Fourteenth Amendment of the United States Constitution.

9.  The defendant who is subject to the award does not have the right to refuse to testify against him/her/itself but must in fact take the stand and/or give deposition testimony or subject him/her/itself to the consequences of a default judgment.

**H.  Exemplary Damage Limitations § 41.005, 41.007-.008 and 41.010-.012 of the Texas Civil Practice and Remedies Code**

Pleading in the alternative, should such be necessary, Defendants affirmatively allege that in the unlikely event that the jury awards Plaintiff exemplary or punitive damages, the damage are subject to the limitations contained in §§ 41.005, 41.007, 41.008, 41.010, 41.011 and 41.012 of the Texas Civil Practice and Remedies Code. Further, in the alternative, the Defendants would respectfully show that a limited liability company can only be liable for exemplary damages if it authorizes or ratifies an agent's malice, maliciously hires an unfit agent, or acts with malice through a vice principal.

**I.  Unconstitutionality of Chapter 33 and Common Law**

Defendants also assert that the joint and several liability provisions of Chapter 33 of the Texas Civil Practice and Remedies Code and the joint and several liability provisions of common law, if any, are unconstitutional. Defendants hereby incorporate all of the arguments herein with respect to the unconstitutionality of exemplary damages and would show that those arguments equally apply to the concept of joint and several liability, as provided by a statute or common law, and for the same reasons the notion of joint and several liability is unconstitutional.

## III.
## Inferential Rebuttal Defense

**A.      Sole Proximate Cause**

Further, should such be necessary, Defendants assert that the acts or omissions of another

person over whom Defendants had no control, which acts or omissions were the sole proximate

cause of the alleged damages and injuries made the basis of this litigation.

**B.      New and Independent Cause/Subsequent Intervening Cause**

Defendants asserts that Plaintiff's damages, if any, are due to a new and independent

cause and/or subsequent intervening cause.

**C.      Third Parties**

Pleading additionally and in the alternative, Defendants would show that the incident was

caused solely, or in part, by third parties not named in this lawsuit and over whom Defendants

had neither control, nor right of control, either explicitly nor impliedly.  Moreover, the conduct

of some of the third parties at issue was criminal in nature and not foreseeable by Defendants.

## IV.
## Reservation of Rights

Defendants respectfully reserve the right to amend and/or supplement its Original

Answer after said Defendants has been provided the opportunity to more closely investigate

these claims, as it is the right and privilege of said Defendants under the Texas Rules of Civil

Procedure and the laws of the State of Texas.

## V.
## Demand for Jury Trial

Defendants pursuant to Rule 216 of the Texas Rules of Civil Procedure, have deposited

with the District Clerk of Harris County, Texas, the jury fee, and do make their application and

demand for jury trial of the above-styled and numbered cause. This is **not** to be construed as a request for a special setting.

**VI.**
**Request for Disclosures**

Pursuant to the Texas Rules of Civil Procedure, Defendants request that Plaintiff disclose, within thirty (30) days of service of this request, the information and material described in Texas Rules of Civil Procedure 194.2(a)-(l).

**VII.**
**Prayer**

WHEREFORE, PREMISES CONSIDERED, Defendants Rolling Oaks Mall, Washington Prime Group Inc., and Dustin Christensen respectfully pray that on trial of this cause, it be adjudged that Plaintiff take nothing, that Defendants be discharged with their costs, and for all such other and further relief to which Defendants may be justly entitled.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By:_____

    Steven O. Grubbs
    State Bar No. 00796683
    sgrubbs@sheehyware.com
    Alma J. Aguirre
    State Bar No. 24029414
    aaguirre@sheehyware.com
    909 Fannin, Suite 2500
    Houston, Texas 77010
    (713) 951-1000 (Telephone)
    (713) 951-1199 (Facsimile)

**ATTORNEYS FOR DEFENDANTS
ROLLING OAKS MALL, L.L.C.,
WASINGTON PRIME GROUP INC. AND
DUSTIN CHRISTENSEN**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 14th day of July, 2017.

Roy R. Barrera, Jr.
ROY R. BARRERA, JR. P.C.
424 East Nueva Street
San Antonio, Texas 78205
*(210) 224-5890 (Facsimile)*
rbarrerajr@ymail.com
          and
Mark A. Carrigan
Jon R. Alworth
CARRIGAN, MCCLOSKEY & ROBERSON, LLP
945 Heights Blvd.
Houston, Texas 77008
*(713) 868-1275 (Facsimile)*
mcarrigan@cmrllp.com
jalworth@cmrllp.com
          and
Humberto Enriquez
ENRIQUEZ LAW FIRM
1212 Montana Avenue
El Paso, Texas 79902
*(915) 351-4339 (Facsimile)*
enriquezlawfirm@hotmail.com

*Counsel for Plaintiff*

Allan Diamond
Frances Ellenbogen
DIAMOND MCCARTHY LLP
Two Houston Center
909 Fannin, 37th Floor
Houston, Texas 77010
*(713) 333-5199 (Facsimile)*
adiamond@mccarthy.com
fellenborgen@diamondmccarthy.com

*Counsel for U.S. Security Associates*

Derek Quick
Cynthia Day Grimes
STRASBURGER & PRICE, LLP
2301 Broadway Street
San Antonio, Texas 78215
(210) 258-2718 (Facsimile)
cynthia.grimes@strasburger.com
          and
Derek Quick
STRASBURGER & PRICE, LLP
720 Brazos Street, Suite 700
Austin, Texas 78701 (512) 536-5725
(Facsimile)
derek.quick@strasburger.com

*Counsel for Defendant Sterling Jewelers dba Kay Jewelers*

Steven O. Grubbs

2867714

EXHIBIT
C-4

FILED
7/11/2017 3:07 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Isaias Ibarra

CAUSE NO. 2017CI09605

| | | |
|---|---|---|
| AIMEE MURPHY, INDIVIDUALLY, | § | IN THE DISTRICT COURT OF |
| AND AS LEGAL HEIR OF THE ESTATE | § | |
| OF JONATHAN MURPHY, DECEASED, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | **BEXAR COUNTY, TEXAS** |
| STERLING JEWELERS, INC. dba KAY | § | |
| JEWELERS, *et al.* | § | |
| | § | |
| **Defendants.** | § | **288th JUDICIAL DISTRICT** |

## DEFENDANT U.S. SECURITY ASSOCIATES, INC.'S
## ORIGINAL ANSWER AND REQUESTS FOR DISCLOSURE

Defendant U.S. Security Associates, Inc. ("USSA") files this its Special Exceptions, Answer and Request for Disclosures in response to Plaintiff's Original Petition and Request for Disclosure and would respectfully show the Court the following:

### I.    SPECIAL EXCEPTIONS

1.    USSA specially excepts to Paragraph 8.1 of Plaintiff's Original Petition regarding damages.  Plaintiff fails to set forth the maximum amount of damages sought in Paragraph 8.1 of her Original Petition.  USSA respectfully asks the Court to require Plaintiff to specify the maximum amount of damages that Plaintiff seeks in this action in accordance with TEX. R. CIV. P. 47 ("[U]pon special exception the Court shall require the pleader to amend so as to specify the maximum amount claimed."); *McCaskell v. Methodist Hosp.*, 856 S.W.2d 519, 520 (Tex. App.— Houston [1 Dist.] 1993, no writ).

2.    USSA further specially excepts to Paragraph 8.5 of Plaintiff's Original Petition inasmuch as it fails to plead sufficient (or any) facts to support her claim of malice in support of exemplary damages.  Plaintiff fails to allege facts in support of the legal conclusion that USSA's conduct involved an extreme risk and a conscious indifference to that risk; any ill will, spite, evil

motive, or purpose to injure or harm; or specific intent to cause substantial injury or harm. TEX. CIV. PRAC. & REM. CODE § 41.001(7).

## II.   GENERAL DENIAL

3.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, USSA generally denies all allegations in Plaintiff's Original Petition.

## III.   AFFIRMATIVE DEFENSES

4.     Plaintiff's claims are barred, in whole or in part, under the Texas proportionate responsibility statutes, Chapter 33.001 *et. seq.* of the Tex. Civ. Prac. & Rem. Code. Plaintiff's claims either are barred in their entirety inasmuch other responsible third parties caused the incident proximately causing Plaintiff's damages, or otherwise must be reduced by USSA's proportionate percentage of responsibility, see TEX. CIV. PRAC. & REM. CODE, Section 33.012(a).

5.     Plaintiff's claims are barred, in whole or in part, by virtue of the existence of one or more inferential rebuttals, such as a new and independent cause, sole proximate cause, and/or sudden emergency, that were the proximate cause of Plaintiff's injuries, death, and damages.

6.     USSA reserves the right to assert any other affirmative or specific defenses against Plaintiff's claims set forth in the Original Petition, or any amendment thereto, as such become known during the course of this proceeding.

## IV.   REQUEST FOR DISCLOSURE

7.     Under Texas Rule of Civil Procedure 194, USSA requests that Plaintiff disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

## V.   PRAYER

8.     For these reasons, USSA requests that Plaintiff take nothing by her suit and that judgment be entered in favor of USSA awarding all costs of court. USSA also requests such

other and further relief, general or specific, at law or in equity, to which it may show itself justly

entitled.

Dated:  July 11, 2017                              DIAMOND MCCARTHY LLP

                                                   /s/ Allan B. Diamond
                                                   Allan B. Diamond
                                                   TX State Bar No. 05801800
                                                   Frances Ellenbogen
                                                   TX State Bar No. 24099817
                                                   Two Houston Center
                                                   909 Fannin, 37th Floor
                                                   Houston, Texas 77010
                                                   (713) 333-5100 Telephone
                                                   (713) 333-5199 Facsimile
                                                   adiamond@diamondmccarthy.com
                                                   fellenbogen@diamondmccarthy.com

                                                   *Counsel for U.S. Security Associates, Inc.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Original Answer and Request for Disclosure was served on July 11, 2017, via electronic transmission and facsimile to:

Roy R. Barrera, Jr., Esq.
Roy R. Barrera, Jr., P.C.
424 East Nueva Street
San Antonio, Texas 78205
Fax: 210-224-5890
rbarrerajr@ymail.com

Mark A. Carrigan, Esq.
Jon R. Alworth, Esq.
Carrigan, McCloskey, and Roberson, LLP
945 Heights Boulevard
Houston, Texas 77008
Fax: 713-868-1275
mcarrigan@cmrllp.com
jalworth@cmrllp.com

Humberto S. Enriquez, Esq.
Enriquez Law Firm
1212 Montana Ave.
El Paso, Texas 79902
Fax: 915-351-4339
enriquezlawfirm@hotmail.com

BY:___*/s/ Frances Ellenbogen*_____
        Frances Ellenbogen