IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AIMEE MURPHY, INDIVIDUALLY §<br>AND AS LEGAL HEIR OF THE §<br>ESTATE OF JONATHAN MURPHY,§<br>DECEASED §<br>§<br>V. §<br>§<br>STERLING JEWELERS, INC. D/B/A §<br>KAY JEWELERS, ROLLING OAKS §<br>MALL, LLC, WASHINGTON §<br>PRIMEGROUP, LP, U.S. §<br>SECURITY ASSOCIATES, INC. §<br>ASSOCIATES, INC., CONNIE §<br>CRUZ, LEO KAPICI, and §<br>DUSTIN CHRISTENSEN §  | CIVIL ACTION NO. 5:17-cv-662 |

**DEFENDANTS' JOINT RESPONSE AND MEMORANDUM IN
OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE AN AMENDED COMPLAINT**

COME NOW Sterling Jewelers, Inc. d/b/a Kay Jewelers, Connie Cruz, Leo Kapici, Rolling Oaks Mall, LLC, Washington Prime Group, L.P., Dustin Christensen, and U.S. Security Associates, Inc. ("USSA") (collectively, "Defendants"), and file this Joint Response and Memorandum in Opposition to Plaintiff's Motion for Leave to File an Amended Complaint ("Plaintiff's Motion for Leave") and would respectfully state the following:

### I.   SUMMARY OF ARGUMENT

1.   Aimee Murphy ("Plaintiff") is asking the Court to allow her to amend her Complaint so that she may add two non-diverse defendants: the criminal assailants charged with capital murder for her husband's death (the "Criminal Parties"). Should leave be granted, Plaintiff's motion for remand which was filed simultaneously would also have to be granted.

2. Plaintiff is correct in acknowledging that before deciding whether leave is appropriate under these circumstances, the Court should "scrutinize the proposed amendment more closely than an ordinary amendment" and apply a four-part test that balances Defendants' right to retain the case in Federal Court against Plaintiff's interest in avoiding parallel litigation. *See Plaintiff's Motion for Leave at* pp. 2-3, *citing Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). After applying the *Hengsens* factors to this case, they weigh in favor of rejecting Plaintiff's attempted joinder.

3. This is a classic example of Plaintiff moving – post-removal – to add non-diverse parties for no other purpose than to destroy diversity. Nothing prevented Plaintiff from including the Criminal Parties in the Original Petition filed in state court, since their identities were known to her and to the public at large immediately after the incident. Plaintiff had every opportunity to include the Criminal Parties in the original lawsuit and chose not to do so.

4. Plaintiff has not set forth any reason or excuse as to why the Criminal Parties charged with the Decedent's murder in this wrongful death case were not named previously, other than she believed she would have an opportunity to add them at a later date. *See Plaintiff's Motion for Leave* at p. 10. This is the very meaning of dilatory.

5. Plaintiff will neither be injured nor denied a full recovery if leave is denied. On the contrary, she is asking to add two individuals with established criminal records who are in custody pending trial on capital murder charges and who may face the death penalty if convicted. Neither of the Criminal Parties will realistically ever contribute to a judgment. On the other hand, the four defendants that Plaintiff originally named are corporate entities who have all

appeared in this case.[1]  Plaintiff will not be prejudiced should leave be denied and the Criminal Parties are not made parties to this suit.

6. No other equities weigh in Plaintiff's favor.  Any possible delays in litigating this case due to delays in the criminal prosecution will be the same whether this case remains in this Court or in state court, and whether the Criminal Parties are in this case or not.  On all four factors, the *Hensgens* test is in favor of denying Plaintiff's Motion for Leave to add the non-diverse Criminal Parties.  Therefore, the Plaintiff's Motion for Leave should be denied.

## II.   PROCEDURAL BACKGROUND

7. Plaintiff filed this lawsuit in connection with the death of her husband, Jonathan Murphy ("Decedent") who died during an armed robbery that took place on January 22, 2017 at the Rolling Oaks Mall in San Antonio, Texas.  The robbery was committed by the Criminal Parties, one of whom was captured at the scene and the other who was apprehended less than twenty-four hours after the robbery. *See* Chris Quinn, *San Antonio PD: Escaped suspect in deadly attempted robbery caught in Converse,* mySA (Jan. 23, 2017), http://www.mysanantonio.com/news/local/crime/article/SAPD-One-dead-three-others-shot-in-fatal-10875601.php.  The incident received heavy local news coverage in the San Antonio area and within forty-eight hours of the events, the identities of the Criminal Parties were known to the public: Jason Matthew Prieto ("Prieto") and Jose Luis Rojas ("Rojas").  *See* Staff, KENS5.com, *Suspect shot in Rolling Oaks Mall robbery identified* (Jan. 24, 2017), http://www.kens5.com/news/local/suspect-shot-in-rolling-oaks-mall-robbery-identified/392080216; Caleb Downs, *10 things we know about the botched armed robbery at Rolling Oaks Mall*, mySA (Jan. 24, 2017), http://www.mysanantonio.com/news/local/crime/article/10-things-we-know-about-the-botched-

---

[1] Plaintiff also sued individual employees Cruz, Kapici, and Christensen who were fraudulently joined, but Plaintiff does not argue against fraudulent joinder in either her Motion for Leave or her Motion for Remand.

armed-robbery-10877071.php; Emilie Eaton, San Antonio Express News (Jan. 24, 2017), *Rolling Oaks suspects have extensive criminal history* http://www.expressnews.com/news/local/article/Rolling-Oaks-suspects-have-extensive-criminal-10881421.php. Both Prieto and Rojas are currently under indictment in Bexar County for capital murder and are awaiting trial.

8. Three months after the robbery, on May 25, 2017, Plaintiff filed this action in State District Court in Bexar County and named the four corporate Defendants, along with three individuals who were employees of two of those entities at the time of the robbery. Plaintiff did not name either of the Criminal Parties, the alleged murderers of her husband, in this wrongful death suit.

9. Defendants filed their answers between July 11, 2017 and July 14, 2017. On July 20, 2017 Defendants Kay Jewelers, Connie Cruz, and Leo Kapici timely removed the case to Federal Court on diversity jurisdiction grounds. *See* Docket No. 1. The remaining Defendants consented to the removal. *See* Docket Nos. 2-3.

10. In response to the removal, Plaintiff moved for leave to amend her Pleading and for the first time add the Criminal Parties. Since the addition of the Criminal Parties would destroy complete diversity, Plaintiff also moved to remand the case back to state district court. Both of these motions were filed August 21, 2017, the last possible date that the Motion for Remand could be timely filed. Plaintiff's sole argument in favor of remand is that the proposed amendment of her complaint adds two non-diverse parties. Therefore, although the Defendants have filed a separate response on the question of remand, the arguments against it are contained herein.

### III.  ARGUMENT AND AUTHORITIES

11. The Fifth Circuit Court of Appeals has established a clear and concise test for reviewing a motion for leave to amend when the new pleading would add a non-diverse defendant in a removed case: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987). Although a court has discretion in whether to grant a motion for leave to amend, it is the weight of these factors as a whole that must guide the decision. *See Agyei v. Endurance Power Prods., Inc.*, 198 F. Supp. 3d 767, 770 (S.D. Tex. 2016); *see also Richardson v. Wal-Mart Stores Texas, LLC*, 192 F. Supp. 3d 719, 721 (S.D. Tex. 2016).

**a.   The Sole Purpose of Plaintiff's Proposed Amendment is to Defeat Federal Jurisdiction.**

12. In analyzing the first *Hensgens* factor, courts take into account considerations such as whether the plaintiff knew the identity of the non-diverse defendants when the state court suit was filed and the timing of the amendment. 198 F. Supp. 3d at 770, *citing Richardson* at 725–26; *see also Gallegos v. Safeco Ins. Co. of Ind.*, No. 09–CV–2777, 2009 WL 4730570, at *3–4 (S.D.Tex. Dec. 7, 2009) (Rosenthal, J.).

13. "[W]here a plaintiff knew or should have known the identity of the non-diverse defendant at the time of the lawsuit's original filing in state court, many courts have viewed this scenario with much suspicion and have suggested and/or determined that a plaintiff's effort was, in fact, to frustrate diversity jurisdiction." *Martinez v. Holzknecht*, 701 F. Supp. 2d 886, 889–90 (S.D. Tex. 2010)(stating that a plaintiff seeking to add a non-diverse defendant shortly after removal, but prior to additional discovery, is further indication that the amendment is sought to

defeat diversity), *citing Walicek v. Mutual Protective Ins. Co.,* 2009 WL 562603, at *2 (S.D. Tex. Mar. 4, 2009)(denying a motion for leave to amend where the plaintiff knew a non-diverse defendant's identity at the time of the state court petition, but did not name the party at that time); *Dal–Tile Corp. v. Zurich Am. Ins. Co.,* 2002 WL 1878377, *2 (N.D. Tex. Aug. 13, 2002)(viewing with suspicion a plaintiff's attempt to join a non-diverse defendant whose existence was known prior to removal); *In re Norplant Contraceptive Prods. Liab. Litig.,* 898 F.Supp. 429, 431 (E.D. Tex.1995)(stating that by waiting to add a known, non-diverse defendant until after removal, plaintiff's actions appeared to be to defeat diversity); *O'Connor v. Automobile Ins. Co. of Hartford,* 846 F.Supp. 39, 41 (E.D. Tex.1994)(denying a motion for leave to remand where the plaintiff knew of a non-diverse defendant's identity, but failed to sue that party in the state court action).

14.   As already established, the identities of the Criminal Parties have been known to Plaintiff since almost the time this incident happened.  Plaintiff not only admits that she had this information, she admits that she deliberately opted to exclude them from her Original Petition. *See Plaintiff's Motion for Leave* at p. 10.  It is only now, after the case has been removed, that she seeks to add the Criminal Parties.  Plaintiff had an opportunity to add the Criminally Parties initially and affirmatively chose not to do so.  It is reasonable to conclude that the only plausible reason why she now wants to pursue the claims against the Criminal Parties that she had no apparent interest in four months ago is simply to frustrate federal jurisdiction.

15.   Even if, as Plaintiff claims, she intended to add the criminal suspects to the state court action at a later date, that was a strategic decision and possibly miscalculation on her part. *Holstine v. DaimlerChrysler Corp.*, CIV.A. L-06-53, 2007 WL 4611914, at *3 (S.D. Tex. Dec. 12, 2007) (noting that even if the plaintiff's failure to add a known party was a "strategic

misstep," it does not change the fact that the plaintiff could have done so sooner).  Defendants have also made a choice, one of forum, and their rights should not be eclipsed by Plaintiff's decision to wait until the eleventh hour to add the Criminal Parties.

16.     Furthermore, it is inconsistent for Plaintiff to argue that she preferred to wait to bring the action against the Criminal Parties until a later date, but four months later decide that the later date has arrived, despite the fact that nothing substantive in this case has changed.  The only thing that *has* changed it is the fact that the case is no longer in state court and naming the Criminal Parties will destroy diversity.  *See Agyei*, 198 F. Supp. 3d at 775-76 (stating that "[w]hen a plaintiff moves to amend to add a non-diverse defendant shortly after removal, some courts view that as evidence of a purpose to defeat federal diversity jurisdiction"), *citing Gallegos v. Safeco Ins. Co. of Ind.*, No. 09–CV–2777, 2009 WL 4730570, at *3–4 (S.D. Tex. Dec. 7, 2009); *see also WNWSR, LLC v. Chesapeake Energy Corp.*, No. CV 4:15–1860, 2015 WL 7357840, at *3 n. 4 (S.D. Tex. Nov. 19, 2015) (Atlas, J.) (noting that the first *Hensgens* factor focuses on "the *sequence* of events gives rise to an inference regarding Plaintiff's purpose in making the Motion") (*emphasis in original*).  Plaintiff seems to have no other explanation for seeking leave to add the Criminal Parties than to deny Defendants the ability to keep this case in Federal Court.  The first *Hensgens* element is in favor of denying Plaintiff's Motion for Leave.

b.      **Plaintiff's Delay Should be Measured From the Date the Criminal Parties' Identities Were Known.**

17.     In her Motion for Leave, Plaintiff argues that she has not been dilatory because her Motion comes at a time when there are no trial or pretrial dates set, and there has been no significant activity beyond the pleading stage.  *See Plaintiff's Motion for Leave* at p. 10.  However, this is irrelevant to the issue of whether Plaintiff has been dilatory.

18.     While upcoming settings and case status are considered in the determination of a Motion for Leave, "[t]he analysis is different, however, when the proposed amendment would add a non-diverse defendant after removal and therefore defeat diversity jurisdiction." *See Richardson*, 192 F.Supp.3d at 727 (noting that in those circumstances, a delay in making the request to amend of two months after filing the original complaint or thirty days after the notice of removal has been found dilatory).  The analysis weighs further against a plaintiff when the party being added was known to the plaintiff prior to the attempted amendment.  *See Wein v. Liberty Lloyds of Tex. Ins. Co.*, No. 15–CV–19, 2015 WL 1275915, at *6 (W.D. Tex. Mar. 19, 2015)(finding that a plaintiff was dilatory where he knew of the non-diverse defendant and waited a month and a half to amend the complaint).  In such a circumstance, "[a] delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory." *Adey/Vandling, Ltd. v. Am. First Ins. Co.*, A-11-CV-1007-LY, 2012 WL 534838, at *4 (W.D. Tex. Feb. 17, 2012), *citing Irigoyen v. State Farm Lloyds,* No. 03–0324, 2004 WL 398553, at *3 (S.D. Tex. Jan.5, 2004).  "[C]ourts have found plaintiffs acted in a dilatory fashion by failing to sue a non-diverse defendant in state court although the non-diverse defendant's role in the case was known at that time. *See O'Connor,* 846 F.Supp. at 41; *see also Gallegos,* 2009 WL 4730570, at *4 (finding the dilatory factor weighed against a plaintiff who filed a motion to amend two months after filing original action and who knew identity of non-diverse defendant at time state suit was filed).

19.     In this case, the identities of the Criminal Parties have been known to Plaintiff for seven months, since practically the time of the incident.  Plaintiff's decision not to file an action against the Criminal Parties should be properly measured from that point forward.  Plaintiff filed her lawsuit on May 25, 2017 and the Defendants all filed their answers between July 11, 2017

and July 14, 2017, giving Plaintiff an additional month and a half to amend her Petition while still in state court. It was not until Defendants answered and the case was removed that Plaintiff filed her Motion to Amend and did so only on the last day that she could simultaneously move to remand the case per the statute and not waive that right. Having information and not acting upon it for no other reason than choosing to wait – as stated in Plaintiff's motion – is procrastination, another word for dilatory. The second *Hensgen* factor also weighs clearly in favor of denying the Motion for Leave.

    **c.**    **Plaintiff Will be Able to Fully Recover Even Absent the Criminal Parties.**

    20.    "In analyzing the third *Hensgens* factor, courts ask 'whether a plaintiff can be afforded complete relief in the absence of the amendment.'" *See Richardson*, 192 F.Supp.3d at 727 (finding that a plaintiff could be afforded complete relief where a named diverse defendant could satisfy a judgment in the non-diverse defendant's absence), *citing Lowe v. Singh*, 10–CV–1811, 2010 WL 3359525, at *3 (S.D. Tex. Aug. 23, 2010) (Werlein, J.). "Courts consider whether the already named diverse defendant would be unable to satisfy a future judgment." *See Gallegos*, 2009 WL 4730570, at *5.

    21.    Plaintiff's only response to this element is that should the amendment be denied, she will not be able to pursue her cause of action. However, that is clearly not the case. Plaintiff is free to file an action against the Criminal Parties in state court, and denying the Motion to Amend will not deprive her of that right. Moreover, as already pointed out, the likelihood that Plaintiff will ever recover against the Criminal Parties is slim to none. Both of the Criminal Parties are currently in state custody awaiting trial on capital murder charges and may face the death penalty if convicted. Both of the Criminal Parties have established criminal records. It is unclear what assets, if any, they would have to satisfy a judgment in any court. Defendants, on

the other hand, include four solvent corporate entities. If the case remains in Federal Court and Plaintiff succeeds in her action, she would be able to collect on a judgment without the Criminal Parties as part of the action.

22.     The third element of the *Hensgen* test asks whether the plaintiff will be afforded complete relief in the absence of the amendment and the answer is evident in this case.

**d.     Discovery Can Continue in this Court.**

23.     The fourth *Hensgens* factor requires the Court to analyze whether there are other equitable factors that call for denying a remand. Among those equitable factors is whether granting leave to amend would deprive a defendant of a properly invoked federal forum. *See, e.g., Smith v. Robin Am., Inc.*, No. H-08-3565, 2009 WL 2485589, at *6 (S.D.Tex. Aug. 7, 2009) (Harmon, J.)(stating that this factor weighs heavily against allowing amendment). Clearly, granting leave in this case would deprive Defendants of that forum.

24.     Additionally, there is another issue that has been raised by Plaintiff that, contrary to her suggestion, is not in Plaintiff's favor: the pendency of the criminal proceedings and their effect on discovery in this civil matter. Plaintiff correctly points out that the parties have jointly brought to the Court's attention that while the criminal charges remain pending against the Criminal Parties, there will be some materials and witnesses that will potentially remain out of reach. *See* Docket No. 16. However, these delays resulting from delays in the criminal prosecution will occur whether this case is in state court or in Federal Court. Whether the Criminal Parties are in this case or not, the likely discovery delays will be the result of the inability to secure materials and testimony from the law enforcement agencies involved in investigating the robbery. *See* TEX. CIV. PRAC. & REM. CODE § 30.006. Thus, the forum of this civil case is quite irrelevant for discovery purposes. It is, however, very relevant to Defendants

that their right to removal be upheld when Plaintiff, who had every opportunity to name the Criminal Parties, the alleged murderers of her husband in a wrongful death suit when it was originally filed, made the decision not to.

### IV. CONCLUSION

25. Defendants in this matter timely removed this case on the basis of diversity jurisdiction. Plaintiff is now asking for leave to amend her pleading and add the non-diverse Criminal Parties that would destroy diversity and would deny Defendants that forum. But Plaintiff, along with the public at large, has known of the existence and the identities of the Criminal Parties for months, almost since the day of the incident made the basis of her claims. According to Plaintiff's own Motion, she deliberately made the decision to not include them in the original filing believing she would be able to add them later. Plaintiff was free to make the choice to leave them out of her pleadings but she is not free to now add them for no other reason than to destroy diversity.

26. The simple four-part *Hensgens* test has been established in this circuit to determine if a motion for leave will be granted under these circumstances. Defendants have shown that every element of the *Hensgens* test weighs in Defendants' favor. Therefore, Plaintiff's Motion for Leave to Amend should be denied.

### V. PRAYER FOR RELIEF

27. For the reasons set forth above, the Defendants respectfully request that the Court enter an order substantially in the form attached hereto, denying the Motion for Leave and allowing these proceedings to remain before this Court, and for such other and further relief to which they may show themselves justly entitled.

Dated: September 19, 2017

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By: */s/ Alma J. Aguirre*
Steven O. Grubbs
State Bar No. 00796683
sgrubbs@sheehyware.com
Alma J. Aguirre
State Bar No. 24029414
aaguirre@sheehyware.com
Two Houston Center
909 Fannin, Suite 2500
Houston, Texas 77010
(713) 951-1000 (Telephone)
(713) 951-1199 (Facsimile)

**Attorneys for Defendants Rolling Oaks Mall, L.L.C., Washington Prime Group Inc. and Dustin Christensen**

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: */s/ Sean M. Crowley*
State Bar No. 24056955
scrowley@thompsoncoe.com
701 Brazos, Suite 1500
Austin, Texas 78701
512.708.8200
512.708.8777 - Facsimile

**Attorneys for Defendants Sterling Jewelers, Inc. d/b/a Kay Jewelers, Connie Cruz and Leo Kapici**

**DIAMOND MCCARTHY LLP**

By: */s/ Allan B. Diamond*
Allan B. Diamond
State Bar No. 05801800
Frances Ellenbogen
State Bar No. 24099817
Two Houston Center
909 Fannin, 37th Floor
Houston, Texas 77010
(713) 333-5100 Telephone
(713) 333-5199 Facsimile
adiamond@diamondmccarthy.com
fellenbogen@diamondmccarthy.com

**Counsel for U.S. Security Associates, Inc.**

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the above and foregoing instrument was served electronically on the following counsel of record of the 19th day of September, 2017:

Roy R. Barrera, Jr.
ROY R. BARRERA, JR. P.C.
424 East Nueva Street
San Antonio, Texas 78205
*(210) 224-5890 (Facsimile)*
rbarrerajr@ymail.com
     and
Mark A. Carrigan
Jon R. Alworth
CARRIGAN, MCCLOSKEY & ROBERSON, LLP
945 Heights Blvd.
Houston, Texas 77008
*(713) 868-1275 (Facsimile)*
mcarrigan@cmrllp.com
jalworth@cmrllp.com
     and
Humberto Enriquez
ENRIQUEZ LAW FIRM
1212 Montana Avenue
El Paso, Texas 79902
*(915) 351-4339 (Facsimile)*
enriquezlawfirm@hotmail.com

*Counsel for Plaintiff*

Allan Diamond
Frances Ellenbogen
DIAMOND MCCARTHY LLP
Two Houston Center
909 Fannin, 37th Floor
Houston, Texas 77010
*(713) 333-5199 (Facsimile)*
adiamond@diamondmccarthy.com
fellenbogen@diamondmccarthy.com

*Counsel for U.S. Security Associates, Inc.*

Sean Crowley
THOMPSON, COE, COUSINS, & IRONS, L.L.P.
701 Brazos, Ste. 1500
Austin, Texas 78701
scrowley@thompsoncoe.com
512.703.5076  Facsimile

*Counsel for Defendant Sterling Jewelers dba Kay Jewelers*

                            */s/ Allan B. Diamond*
                            Allan B. Diamond

**PROPOSED ORDER**

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| AIMEE MURPHY, INDIVIDUALLY AND AS LEGAL HEIR OF THE ESTATE OF JONATHAN MURPHY, DECEASED | § § § § § | |
| V. | § § | CIVIL ACTION NO. 5:17-cv-662 |
| STERLING JEWELERS, INC. D/B/A KAY JEWELERS, ROLLING OAKS MALL, LLC, WASHINGTON PRIMEGROUP, LP, U.S. SECURITY ASSOCIATES, INC. ASSOCIATES, INC., CONNIE CRUZ, LEO KAPICI, and DUSTIN CHRISTENSEN | § § § § § § § § § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

CAME ON FOR CONSIDERATION Plaintiff Aimee Murphy, Individually, And As Legal Heir of the Estate of Jonathan Murphy, Deceased's *Motion for Leave to File an Amended Complaint* and Defendants' *Joint Response and Memorandum in Opposition*. The Court, after considering the Motion and the Joint Response, hereby

DENIES Plaintiff's Motion for Leave to File Amended Complaint.

SIGNED this the _____ day of _____, 2017.

_____
David A. Ezra
U.S. DISTRICT JUDGE

1